[Civ. No. 12506.   First Dist., Div. Two.   Sept. 23, 1943.]

Estate of JOSEPHINE WESTER, Deceased. ALBERT J. RUHLMAN, Respondent, v. HELEN M. LOWE et al., Appellants.

William T. Eckhoff for Appellants.

Albert D. Elledge for Respondent.

SPENCE, J.—This is an appeal by two of the residuary legatees from the order of the trial court decreeing partial distribution in the sum of $2,500 to Albert J. Ruhlman.

The testatrix died in 1939. By her last will and the codicil thereto, the testatrix bequeathed to Albert J. Ruhlman the sum of $10,000, her stock in the Standard Oil Company of California and her stock in A. J. Ruhlman & Company. She devised her real property in San Francisco to her nieces Elsa K. Dernham and Helen M. Lowe, who are the appellants herein, and devised her real property in Monterey County to her niece Elsa K. Dernham. The residue of the estate was bequeathed to said nieces and others. Monte A. Dernham, the husband of Elsa K. Dernham, was named as executor and he qualified as such on October 5, 1939.

No inventory and appraisement was filed by the executor until January 7, 1943, although on April 3, 1942, the probate court had ordered the inventory filed. In response to that order, said executor had filed a purported inventory without an appraisement. It was not until after the petitioner had filed his petition for partial distribution and also his petition for removal of the executor that the executor filed the inventory and appraisement. It appears therefrom that the estate of the testatrix was appraised at $85,619.48. It consisted of cash in excess of $14,600, certain real estate and also stocks and other personal property. The 20 shares of the Standard Oil Company were appraised at $660 and the 376½ shares of A. J. Ruhlman & Co. were appraised at $12,294.47. A promissory note executed in favor of the testatrix by A. J. Ruhlman & Co. in the principal sum of $2,500 was appraised at $262.93 and a "debt due decedent from A. J. Ruhlman & Co. and/or A. J. Ruhlman" was appraised at "nil."

Objections to Albert J. Ruhlman's petition for distribution were filed by the executor and by the appellants herein. Hearings were had upon said petition but the hearing upon the petition for removal of the executor was continued and remained undetermined when the order for partial distribution was entered. The inventory and appraisement was filed after the hearings had been commenced upon said petition for distribution.

Upon said hearings, it appeared that all debts and claims against the estate had been paid except a balance due to the State of California for inheritance taxes, which taxes with respect to the petitioner amounted to $1,825.73 according to an estimate of the inheritance tax appraiser; that there re-

mained in the hands of the executor cash in the sum of $9,318.96; and that there had been previously paid to petitioner on account of his legacy the sum of $4,670. The theory of the objectors was that there were certain unliquidated claims against the petitioner which were offsets against his legacy and that distribution should be denied until the validity and amount of such claims had been determined. It appeared however that any obligation upon these unliquidated claims was the obligation of A. J. Ruhlman & Co., a corporation, rather than the obligation of the petitioner and it further appeared that it was not until December 31, 1942, and after the petition herein had been filed that any action against either the corporation or petitioner had been commenced. The action then commenced was one upon the promissory note of $2,500 above mentioned. The complaint however did not set up the promissory note in *haec verba* but did allege that "defendants," including the corporation and the petitioner, executed said note. The note was introduced in evidence on the hearings and showed upon its face that it was executed by "A. J. Ruhlman & Co. Inc." by "A. J. Ruhlman, President" and not by petitioner personally. At the time of the execution of the note and at the time of the death of the testatrix, petitioner owned 377 shares and the testatrix owned 376½ shares of the stock of said corporation. At the conclusion of the hearings, counsel for the executor apparently withdrew his objection to partial distribution but suggested the withholding of $2,500 from petitioner's legacy, saying " . . . by withholding $2,500, that would still give Mr. Ruhlman a considerable distribution in cash here." It was conceded by all that a substantial amount of interest had accrued on said legacy by reason of the lapse of more than three years between the death of the testatrix and the hearing of the petition. The court ordered the distribution of the further sum of $2,500 upon said legacy, upon finding that there were sufficient assets to make such distribution without loss or injury to the estate or any person interested therein. This appeal is prosecuted solely by two of the residuary legatees, no appeal having been taken by the executor.

Appellants contend that the evidence was insufficient to sustain the finding that there were sufficient assets to make the distribution without loss or injury to the estate or any person interested therein. In support of this contention, they discuss certain alleged offsets against petitioner's legacy con-

sisting of unliquidated claims. The first item discussed is the $2,500 promissory note above mentioned. As above indicated, this was a note executed solely by the corporation in which the testatrix owned approximately one-half the stock. The trial court was entirely justified in disregarding this item as an alleged offset against petitioner personally and particularly in view of the fact that no claim was made that petitioner was personally liable on the note until more than three years after the appointment of the executor and until after petitioner had filed his petition for distribution. The second item discussed is an alleged claim against petitioner for certain furniture in his possession alleged to have been the property of the deceased. There is not a word of testimony in the record concerning this item. Appellants state in the briefs that there is an action pending concerning the furniture but the executor testified on the hearing that the only action pending was the one on the $2,500 note. The third item discussed is an alleged claim for $4,800. This claim, if it has any validity at all, is admittedly a claim against the corporation. The testatrix kept no books of her own and the only information which the record furnishes concerning this claim is that found in the books of the corporation. According to the testimony, this claim was "stricken off" or "written off" the books of the corporation prior to the death of the testatrix and said books so showed. No action against anyone had been brought on this alleged claim. Appellants suggest the "disregard of the corporation fiction" in connection with this item but, assuming the validity of the claim against the corporation, we find no facts in the record which would warrant the disregard of the corporate entity. ■ Appellants further discuss the inheritance tax situation. While it is true that no order had been made fixing the inheritance taxes and that a balance remained due to the State of California upon such taxes, it also appears that the amount due from petitioner had been estimated by the inheritance tax appraiser and that the amount of property withheld from petitioner is more than ample to satisfy all such taxes as might be imposed upon petitioner under any theory suggested by appellants. It seems settled that it is not necessary that such inheritance taxes be actually paid before distribution and that partial distribution of a legacy may be made upon withholding sufficient to satisfy such inheritance taxes upon

the legatee's share. (*Estate of Fletcher*, 36 Cal.App.2d 567 [97 P.2d 1039].)

██ Appellants also contend that certain evidence was improperly excluded. The objections and rulings are not specifically set forth but appellants state that the excluded evidence consisted of certain "data, reports and information coming to the possession of the executor and upon which he predicates, to some extent, several of his items of counterclaim and offset." It is a sufficient answer to this contention to state that said data, reports and information concerned only possible claims against the corporation. As above indicated, we find nothing in the record which would warrant the disregard of the corporate entity and we find no error in the rulings of the trial court excluding the evidence concerning possible claims against the corporation.

██ The final contention of appellants is that the trial court erred in denying their request for a continuance for the purpose of producing evidence of the financial condition of the corporation and of the value of its stock at the time of the hearing. We find no error in this ruling. The hearings on the petition started on December 21, 1942, and were continued from time to time. On January 8, 1943, the trial judge warned the parties to be prepared to conclude the matter at the next session. It is interesting to note that on January 11, 1943, when counsel for appellants suggested a further continuance, counsel for the executor objected to such continuance. We find no error in the denial of a continuance under the circumstances and, in any event, in view of the order distributing only a portion of the legacy and withholding ample to pay the inheritance taxes, we find no prejudice in denying to appellants the opportunity to produce evidence which they claim would have shown that the corporation was in bad financial condition and that its stock had little, if any, value.

The order appealed from is affirmed.

Nourse, P. J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied October 23, 1943, and appellants' petition for a hearing by the Supreme Court was denied November 18, 1943.